Jorge Mario HERRERA,
Plaintiff–Appellant,

v.

Clarence HARKINS, et al.,
Defendants–Appellees.

No. 91–6176.

United States Court of Appeals,
Tenth Circuit.

Nov. 26, 1991.

Submitted on Plaintiff–Appellant's brief and the record.[*]

Jorge Mario Herrera, pro se.

Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Appellant Herrera appeals the district court's dismissal of his complaint filed pursuant to 42 U.S.C. § 1983. The district

---

[*] After examining Plaintiff–Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

court ruled that because the appellant primarily challenged the fact or duration of his imprisonment, his only remedy was to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, we construe the appellant's complaint to be partially an attack on parole procedures and therefore cognizable under section 1983.

The Oklahoma Pardon and Parole Board denied the appellant parole in June 1990. The appellant contends that the Board based its finding in part on erroneous information provided by a parole investigator. In June 1990, the appellant filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Oklahoma. In this complaint, he requested the following relief: (1) "Declaratory and Injunctive Relief ordering the defendants to stop denying Plaintiff Parole Recommendations based on" the erroneous information, and (2) "a new Parole Board Hearing" in which the Board did not use the erroneous information. Complaint, Record, tab 2, at 5.

The district court ruled that "the Plaintiff is primarily challenging the fact or duration of his imprisonment." Order of Dismissal, Record, tab 3, at 1. Relying on *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and its progeny, the court ruled that habeas corpus relief provided the exclusive remedy and dismissed the complaint on that basis. On appeal, the appellant challenges the district court's conclusion that section 1983 relief is unavailable. Relying on a Fifth Circuit case, *Johnson v. Pfeiffer*, 821 F.2d 1120 (5th Cir.1987), the appellant contends that he may use section 1983 to attack parole procedures. "At most," the appellant argues, "the consequences of [t]his suit would be a requirement that the Parole Board refrain from using unconstitutional information, etc. when making parole decisions." Appellant's Opening Brief at 3–4.

At the outset, we note that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652

(1972). Moreover, the district court may dismiss the complaint only if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 521, 92 S.Ct. at 596 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). Thus, "if the [district] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

█ A prisoner may use section 1983 to attack parole procedures. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (reaching the merits of prisoners' class action section 1983 suits challenging state parole procedures); *Pope v. United States Parole Comm'n*, 647 F.2d 125, 126 (10th Cir.1981) (claim requesting declaratory judgment that parole procedures violated due process "is cognizable under" section 1983); *Candelaria v. Griffin*, 641 F.2d 868, 869 (10th Cir.1981) ("§ 1983 is a proper statutory basis" for "a challenge to the fairness of parole procedures"). However, a prisoner must challenge present confinement by means of a habeas petition. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841; *Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991) ("a challenge to the fact of conviction or confinement, or the duration of confinement, is cognizable only under the habeas statute with its requirement of exhaustion of state remedies").

█ The availability of section 1983 to remedy constitutional violations in the context of parole proceedings depends on the constitutional violation alleged and on the relief sought. To challenge a constitutional defect in an individual parole hearing, where the remedy lies in providing a new parole hearing, a prisoner must file a habeas petition. When seeking injunctive or declaratory relief to correct constitutionally defective parole procedures, section 1983

remains available despite the prisoner's failure to exhaust state remedies. In this latter case, the court does not grant a new parole hearing; rather, in any future parole hearings, the prisoner benefits from the new constitutionally acceptable procedures. *Pope,* 647 F.2d at 126 ("declaratory judgment that the Commission's parole procedures denied him due process ... is cognizable under 42 U.S.C. § 1983" while "mandatory injunction ordering the Commission to parole him ... is properly heard pursuant to ... habeas corpus jurisdiction"); *Candelaria,* 641 F.2d at 869 ("We construe plaintiff's petition as a challenge to the fairness of parole procedures and not a demand for immediate release pursuant to parole. As such, § 1983 is a proper statutory basis for this action.") (citations omitted); *Schuemann v. Colorado State Board of Adult Parole,* 624 F.2d 172, 173 n. 1 (10th Cir.1980) ("[H]abeas corpus, and not [section 1983], 'is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement.' On the other hand, a civil rights action under [section] 1983 may be appropriate if the inmate is seeking ... to require a readjustment of parole procedures.") (citations omitted); *accord Johnson,* 821 F.2d at 1123 (in Fifth Circuit, habeas is exclusive remedy for attack on "a single allegedly defective hearing affecting eligibility for" parole, but section 1983 is available to enjoin parole board "from using unconstitutional customs, rules, and procedures when making parole decisions"); *see Richards,* 941 F.2d at 1018 ("§ 1983 ... is available when a prisoner seeks ... a declaratory judgment as a predicate to ... *prospective* injunctive relief").

■ Based on the foregoing, the appellant can challenge in federal court the result of his parole hearing only by filing a habeas petition after exhausting state remedies. The appellant therefore may not obtain the "new Parole Board Hearing" he requested from the district court. The appellant may, however, obtain declaratory or injunctive relief regarding parole procedures. We construe the appellant's request for "Declaratory and Injunctive relief ordering the defendants to stop denying Plaintiff Parole Recommendations based on" the erroneous information as a specific attack on parole procedures. Because the appellant might obtain some relief, albeit not all the relief sought, the district court should not have dismissed the petition. *See Haines,* 404 U.S. at 520–21, 92 S.Ct. at 595–96.

We express no opinion on the merits of the complaint or on what relief, if any, would be appropriate.

Accordingly, we REVERSE the district court's dismissal of the complaint insofar as the complaint challenged parole procedures and REMAND for further proceedings consistent with this opinion.