956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny E. SMITH, Plaintiff-Appellant,
v.
Robert MACY, Melvin M. Fisher, Jr., Jack D. Davis, Mike
Goold, Timothy Oglvie, Capt. K. Thurston, G. Lee,
Unknown Officers of the Valley Brook
Police Department, Defendants-Appellees.
 No. 91-6197.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Danny E. Smith brought an action in the district court against a number of defendants raising both 42 U.S.C. § 1983 claims and claims cognizable only under 28 U.S.C. § 2254. The district court granted partial summary judgment in favor of two defendants whom the court held were entitled to absolute immunity. The court dismissed none of the claims, but it stayed action on the § 1983 claims until plaintiff exhausted his habeas corpus remedies in state court.
 
 
 3
 In response to this court's questioning whether we had appellate jurisdiction, plaintiff dropped his appeal as to the two defendants who were dismissed on absolute immunity grounds and challenged only the stay order. He obtained a 28 U.S.C. § 1292(b) order from the district court for an interlocutory appeal of the court's stay order. The district court appears to invite us to determine when a district court should issue a stay order pending exhaustion of state remedies when there are § 1983 claims in a mixed petition like that before the court. Our clerk's office may have mistakenly treated the § 1292(b) certification as one under Fed.R.Civ.P. 54(b); that is of no moment, however, because we grant the appeal under § 1292(b).
 
 
 4
 As we read Preiser v. Rodriguez, 411 U.S. 475 (1973), a federal court has the power to entertain a complaint challenging both conditions of confinement, cognizable under 42 U.S.C. § 1983, and the duration of confinement, cognizable under 28 U.S.C. § 2254, provided plaintiff has exhausted his state remedies as to the § 2254 claims. See Taylor v. Wallace, 931 F.2d 698, 699 n. 1 (10th Cir.1991).
 
 
 5
 The Supreme Court has expressly stated that the federal § 1983 claim can be litigated at the same time that the plaintiff is also exhausting his habeas claims in state court. Preiser, 411 U.S. at 499 n. 14. Thus, the federal district court in the instant case had the power to proceed to adjudicate the § 1983 claims despite the lack of state court exhaustion of the § 2254 claims. See Herrera v. Harkins, 949 F.2d 1096, 1098 (10th Cir.1991). At the same time, we think it is clear that the federal district court had authority, if the circumstances were appropriate, to stay the determination of the § 1983 claim pending the outcome of the state court exhaustion. The decision whether to stay or adjudicate will depend upon the particular facts.
 
 
 6
 In the instant case the district court's stay order is supported by several facts. Plaintiff apparently has dropped his claim for damages, which is generally the heart of a § 1983 claim. Plaintiff has alleged that illegal wiretaps were placed on his telephone by state officers, but he does not set out sufficient facts to indicate whether the illegality is a supposed violation of state or federal law. Plaintiff seeks an order invoking the exclusionary rule on evidence seized from his premises and an order ruling that the stacking of charges against him was "illegal" and "improper" as well as unconstitutional. The resolution of the habeas petition in state court may obviate the federal court's need to resolve some of the constitutional claims in the § 1983 action and may clarify others. Furthermore, the district court's stay order indicates that the statute of limitations on plaintiff's claims apparently would run before state court exhaustion would be concluded, which is one factor suggesting that a stay order may be appropriate. See Parkhurst v. Wyoming, 641 F.2d 775, 777 (10th Cir.1981).
 
 
 7
 The appropriate standard to review the district court's stay order is abuse of discretion. In the instant case we can find no such abuse. We therefore AFFIRM the stay order issued by the district court.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3