43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy Gordon BERRY, Plaintiff-Appellant,
v.
Larry A. FIELDS, State of Oklahoma, Defendants-Appellees.
 No. 94-6281.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Timothy G. Berry appeals the district court's dismissal of his 42 U.S.C.1983 action challenging his parole review. Mr. Berry also challenges the district court's imposition of several restrictions on his future access to the courts. We grant in forma pauperis status and affirm.
 
 
 3
 Mr. Berry filed a 42 U.S.C.1983 action challenging the constitutionality of Oklahoma Prison Overcrowding Emergency Powers Act (cap law). Okla. Stat. Ann. tit. 57, 570-76. Upon recommendation of the magistrate, the district court dismissed this claim as a premature habeas corpus petition or, in the alternative, a meritless section 1983 claim. Mr. Berry also argued that the prison officials discriminated against him because the parole board did not review his case within 24 months of his reception date. The court found this claim to be without merit. Finally, after noting that Mr. Berry had filed seven claims in the Western District of Oklahoma between 1989 and 1993, the district court restricted Mr. Berry's future access to the court by requiring that Mr. Berry file, in addition to a motion to proceed in forma pauperis, the following documents: 1) a petition to seek leave to file a pro se action; 2) an affidavit stating that the claims are not frivolous, have not been decided by a federal court, and, if brought in a habeas petition, are ripe for federal jurisdiction; and 3) a legal complaint. On the basis of these documents, the magistrate would then recommend approval or dismissal of the complaint. Mr. Berry only appeals the dismissal of his parole claim and the imposition of restrictions on his access to the court.
 
 
 4
 Habeas corpus relief is the exclusive remedy for a challenge to the fact or duration of imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). When challenging an individual parole hearing where the relief is the grant of a new or expedited parole review, a habeas corpus petition with its accompanying exhaustion requirement, 28 U.S.C. 2254(b), is the proper vehicle. Herrera v. Harkins, 949 F.2d 1096, 1097 (10th Cir.1991). On the other hand, when seeking injunctive or declaratory relief to correct constitutionally unsound parole procedures in the future, section 1983 remains available despite the prisoner's failure to exhaust state remedies. Id. at 1097-98.
 
 
 5
 Reading Mr. Berry's complaint and brief liberally, as we must with a pro se appellant, Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir.1994), we view Mr. Berry's parole claim as a habeas petition. He does not challenge the constitutionality of the prison's parole procedures. He merely questions the timing of his individual parole proceedings with the hope of expediting his parole review process. Because we deem Mr. Berry's claim a habeas petition, he must exhaust state remedies prior to invoking federal jurisdiction. He has not done so. We therefore dismiss his parole claim.
 
 
 6
 Mr. Berry also challenges the district court's imposition of various restrictions on his future access to the courts. A district court has inherent power under 28 U.S.C. 1651(a) to enjoin litigants who abuse the court system. Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989). We have approved restrictions similar to those placed on Mr. Berry, see id. at 353, when the district court documents a "lengthy history of vexatious, abusive actions" and when the party is on notice of the procedures available to gain access to the courts. Ketchum v. Cruz, 961 F.2d 916, 921 (10th Cir.1992) (citing Tripati, 878 F.2d at 354). The district court, through incorporating the magistrate's findings and recommendations, documented Mr. Berry's lengthy history of filing "meritless, frivolous, and abusive litigation." Mag. Rec., at 11. The district court then delineated specific instructions that Mr. Berry must follow before invoking the court's jurisdiction. Id. at 12-14. We conclude the district court appropriately exercised its discretion to impose restrictions on Mr. Berry's future court access.
 
 
 7
 We AFFIRM the district court's dismissal of Mr. Berry's parole claim and AFFIRM the restrictions it placed on Mr. Berry's future access to the courts.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470