66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Ray JENKINS, Plaintiff-Appellant,
v.
Mel WESTERMAN, School Counselor, South Middle School,
Defendant-Appellee.
 No. 95-3041.
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se plaintiff Anthony Ray Jenkins, an inmate at the Lansing Correctional Facility in Lansing, Kansas, appeals dismissal of his 42 U.S.C.1983 action as frivolous under 28 U.S.C.1915(d). Plaintiff appears to allege that defendant Mel Westerman testified falsely against him either in a child in need of care case, or a case charging plaintiff with intimidating a witness in the child in need of care case, or both. Plaintiff asserts that defendant violated his Fifth Amendment protection against double jeopardy and his Fourteenth Amendment due process rights as a parent.[2]
 
 
 3
 On appeal plaintiff argues the district court failed to consider the facts in dismissing the case. Our review, however, reveals that plaintiff's allegations are conclusory and lack the specificity required to pursue a 1983 case. See Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). Conclusory allegations that the defendant lied or conspired without additional facts tending to support those allegations are insufficient to state a claim. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Further, as the district court stated, to the extent plaintiff challenges the fact of his conviction or confinement, he must exhaust his state court remedies and then pursue relief in a petition for a writ of habeas corpus. See Herrera v. Harkins, 949 F.2d 1096, 1097 (10th Cir.1991) (citing Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)).
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff also asserted a violation of 31 U.S.C. 3729-30, False Claims Act, see I R. doc. 2 at 2; this claim is patently frivolous