**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DOUGLAS TYLER WOODS,

      Plaintiff - Appellant,

  v.

MARY KEENAN,

      Defendant - Appellee.

--------------------------------------------

DOUGLAS TYLER WOODS,

      Petitioner - Appellant,

  v.

ARISTEDES W. ZAVARAS, BILL
WILSON, ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 96-1412

(D. Colorado)

(D.C. No. 96-S-1583)

No. 96-1505

(D. Colorado)

(D.C. No. 96-S-1964)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

This appeal involves two actions brought by Douglas Tyler Woods, proceeding pro se and in forma pauperis, generally contesting his state court conviction for burglary.[1] Characterizing the first action (appeal No. 96-1412) as a civil rights complaint under 42 U.S.C. § 1983, Woods alleged that state prosecutor Mary Keenan violated his constitutional rights at his trial. The district court dismissed the complaint on numerous grounds. Woods then brought a 28 U.S.C. § 2254 action (appeal No. 96-1505), again alleging violations of his constitutional rights at trial. Finding that Woods had brought three or more prior actions which had been dismissed either as frivolous or for failure to state a claim, the district court denied Woods' motion to proceed in forma pauperis and dismissed pursuant to 28 U.S.C. § 1915(g). We consolidate Woods' appeals from these dismissals. In No. 96-1412 we deny the certificate of appealability and dismiss the appeal, and in No. 96-1505 we grant the certificate of appealability and reverse and remand.

---

[1]In fact, before he filed these actions, Woods had filed four other § 1983 actions which raised the same issues, and which were dismissed. However, only these two have been properly appealed.

A.      Appeal No. 96-1412

Woods' complaint in this case, styled as a § 1983 action, alleged that, at his criminal trial, state prosecutor Keenan violated his due process rights and his right to an impartial jury when she introduced physical evidence that she had not previously disclosed to him. According to Woods, the objectionable evidence, consisting of an "alleged 'blood soaked shirt'" and a "C.B.I. lab result," was exculpatory, R., Tab C at 3, and Keenan was obliged to disclose it under United States v. Agurs, 427 U.S. 97 (1976), and Brady v. Maryland, 373 U.S. 83 (1963). Woods further alleged that Keenan's actions violated Colorado criminal statutes. For relief, he sought an injunction commanding Keenan "to undo her wrong by submitting a written admission to [the Colorado courts], the Plaintiff, and Attorney Thoburn Cleaver that she deliberately used evidence that was knowingly and intentionally withheld from the Plaintiff." R., Tab C at 7. He further sought declaratory relief in the form of a "binding adjudication" that his constitutional rights had been violated. Id.

On June 28, 1996, the district court issued an order directing the clerk to "commence [the] civil action" and directing Woods to cure certain enumerated deficiencies in his § 1915 motion to proceed in forma pauperis and in the form of his complaint. R., Doc. 2 at 1. Thereafter, without responding to the particulars of the order, Woods paid the full filing fee. R., Doc. 5 at 1. On July 12, 1996, the court entered an order granting Woods leave to proceed pursuant to § 1915(b) without further payment,

-3-

and it further stated that it would consider Woods' action pursuant to the provisions of § 1915, to determine whether it was frivolous. Id. at 2. On August 5, 1996, the district court generally dismissed the pleading as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i); additionally, it dismissed the claims of criminal violations for lack of standing; and, further, construing the complaint as a petition for a writ of habeas corpus, it dismissed for failure to allege exhaustion.

On appeal, Woods concedes that, in fact, his complaint was properly construed as a habeas action, but he contends that the court should have provided him an opportunity to allege exhaustion. Additionally, Woods continues to characterize Keenan's conduct as felonious. However, he explains that he never intended to make a private criminal claim; rather he merely sought to fully advise the court so that it could refer the case to the United States Attorney. Finally, Woods argues that his payment of the full filing fee entitles him to a response from the defendants before the district court can dismiss his action as frivolous.[2]

As a threshold matter, we must determine whether any portion of Woods' action is cognizable under 42 U.S.C. § 1983, or whether the action falls exclusively under the

_____

[2]We may affirm on any grounds supported by the record. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994). Since we find that Woods' complaint was properly treated as a petition for a writ of habeas corpus, and, as such, could be dismissed for failure to demonstrate exhaustion, we do not reach the district court's dismissal under § 1915 in this case. But see discussion related to appeal No. 96-1505, *infra.*

-4-

habeas corpus provisions of 28 U.S.C. § 2254.  In making our determination, we do not rely upon the plaintiff's characterization, but, rather, we consider the nature of the relief sought.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Woods' complaint essentially seeks relief which challenges "the fact or duration of his confinement and seeks immediate or speedier release."  Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser, 411 U.S. at 488-90).  Therefore, habeas corpus is his exclusive remedy. Id.; Leacock v. Henman, 996 F.2d 1069, 1071 (10th Cir. 1993).

Accordingly, we agree with the district court's treatment of Woods' complaint as a petition for a writ of habeas corpus, and with the court's conclusion that Woods was required to demonstrate exhaustion.  As the district court succinctly stated:

> Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.". . .  Furthermore, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  Miranda v. Cooper, 967 F.2d 392[, 398] (10th Cir. [1992]). . . . Mr. Woods fails to allege whether or not he has exhausted his state remedies.

R., Doc. 6 at 5.  Conceding that he did not make the requisite allegations, Woods nonetheless argues that before it dismissed his complaint, the district court should have advised him of the deficiency, and then should have allowed him to amend his pleading to show that he had in fact exhausted his state remedies.

Although not explicit in the district court's order, we assume its dismissal of the habeas petition was without prejudice.  See Clark v. Tansy, 13 F.3d 1407, 1413 (10th Cir.

1993) (finding that potential application of abuse of the writ doctrine required district court to dismiss petition containing unexhausted habeas claims without prejudice, and holding that court's refusal to do so and its subsequent merits ruling constituted error).[3] Under such circumstances, we cannot conclude that the district court erred by not sua sponte providing Woods the opportunity to amend his pleading.[4]

B.      Appeal No. 96-1505

As with his other case, Woods originally submitted his petition in this action together with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, this time Woods specifically brought the action pursuant to 28 U.S.C. § 2254. In this pleading, Woods purports to demonstrate exhaustion,[5] and, in addition to his previous evidentiary complaints, he also alleges that the state failed to prove an essential element of burglary.

Finding that Woods had brought three or more prior actions which had been dismissed as frivolous or for failure to state a claim, the district court denied his motion to

---

[3]We note that 28 U.S.C. § 2254(2), *as amended by* Title I of the Antiterrorism and Effective Death Penalty Act of 1996, now allows a district court to reach the merits of a habeas application, notwithstanding a lack of exhaustion. However, nothing in the district court's summary dismissal of this case indicates a consideration on the merits.

[4]After filing his appellate brief in this case, Woods filed two motions related to evidentiary hearings. In view of our dismissal of this appeal, we do not consider these motions.

[5]We make no determination as to the adequacy of this demonstration.

proceed under 28 U.S.C. § 1915 and dismissed his habeas action pursuant to § 1915(g).

Since the time of that ruling, we have determined that Congress did not intend to apply

the filing fee provisions of 28 U.S.C. § 1915 or the dismissal provisions of § 1915(g) to

habeas proceedings or to appeals of those proceedings.  United States v. Simmonds, 111

F.3d 737, 743-44 (10th Cir. 1997).  Accordingly, the district court erred when it dismissed

Woods' habeas action under § 1915(g).[6]

For the reasons stated, we GRANT Woods' motions to proceed in forma pauperis.

We DISMISS Appeal No. 96-1412.  We REVERSE the district court's dismissal in

Appeal No. 95-1505, and we REMAND for further proceedings.  Woods' outstanding

evidentiary motions are DENIED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[6]After filing his appellate brief, Woods filed a motion requesting production of evidence and an evidentiary hearing.  On remand, the district court will have the opportunity to consider these motions in the first instance.