**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARTHUR BERRY,

     Petitioner - Appellant,

v.

MARILYN SCAFE, Chairperson,
Kansas Parole Board,

     Respondent - Appellee.

No. 98-3194

(D.C. No. 97-3438-GTV)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Arthur Berry is a prisoner in a correctional facility in Lansing, Kansas. Mr. Berry initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983. He alleged that the Kansas Parole Board's application of a newly

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

amended state statute extending the interval between parole hearings from three years to a range of three to ten years violated his substantive due process rights and the Ex Post Facto Clause of the United States Constitution. In his complaint, Mr. Berry states that he is seeking injunctive and declaratory relief. See R., Vol I., Doc. 1 at 5. Specifically, he asks the district court to "issue an order declaring the Kansas Parole Board's action of passing Plaintiff for ten (10) years for a parole reconsideration hearing unconstitutional" and "to issue an order directing the Kansas Parole Board to rescind its order passing Plaintiff for ten (10) years and reschedule Plaintiff for a three (3) year deferral parole hearing in accordance with the law in place at the time of Plaintiff's conviction." Id.

In response to Mr. Berry's complaint, the district court issued an order in which it concluded that because the complaint raised a "challenge [to] the length or fact of his confinement," it should be construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. R., Vol. 1, Doc. 2 at 1. Because the court determined that Mr. Berry had failed to exhaust state court remedies, it dismissed the action without prejudice. See Kan. Stat. Ann. § 60-1501(a) (allowing persons in state custody to prosecute writs of habeas corpus). Mr. Berry then filed a motion requesting the district court to reconsider its dismissal of his action, which the court construed as a motion to alter and amend judgment pursuant to Federal Rule of Civil Procedure 59(e). The court denied the motion,

stating that Mr. Berry did "not raise any new issues which were not considered by the court when preparing its [original] order." R., Vol. I, Doc. 5 at 1. Mr. Berry then filed a notice of appeal and, presumably because the district court construed his action as a petition for a writ of habeas corpus, an application for a certificate of appealability.

On appeal, Mr. Berry contends that the district court's decisions construing his section 1983 complaint as a habeas corpus petition and dismissing the petition for failure to exhaust his state remedies were erroneous. Mr. Berry argues that because he is " *not* seeking to challenge the length or fact of his confinement," he is not required to file a section 2254 petition and exhaust his state remedies. Appellant's Br. at 1-2. Mr. Berry further explains that since he is challenging the "parole decision process" and "not the denial of parole," his claim is properly the subject of a section 1983 action. Id. at 2. We review de novo the legal bases for the district court's decision to construe Mr. Berry's complaint as a habeas corpus petition and its resulting dismissal. See Jackson v. Shanks , 143 F.3d 1313, 1317 (10th Cir.), cert. denied , __ U.S. __, 119 S. Ct. 378 (1998). We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

We acknowledge that the distinction between section 2254 petitions and section 1983 actions is not always easy to apply. The distinction may be especially blurry when "a prisoner challenges an unconstitutional condition of

-3-

confinement or prison procedure that affects the timing of his release from custody." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (holding that prisoner's suit alleging that he was improperly placed in administrative segregation, that prisoners in administrative segregation were never granted parole, and that his placement was not reviewed as often as required was properly construed as a section 1983 action). Nonetheless, distinguishing between the two types of actions is critical because while exhaustion of available and adequate state remedies generally is not a prerequisite to a section 1983 action, see Patsy v. Board of Regents, 457 U.S. 496, 501 (1982), exhaustion is required before a state prisoner may seek habeas corpus relief in federal court. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Addressing the distinctions between habeas corpus petitions and section 1983 actions, the Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). By contrast, a section 1983 action is typically the proper vehicle for attacking unconstitutional conditions of confinement and parole procedures. See Preiser, 411 U.S. at 498-99; Carson, 112 F.3d at 820 ("Generally, § 1983 suits are the proper vehicle to

attack unconstitutional conditions of confinement and prison procedures.").

In Heck, the Supreme Court addressed the types of claims for which state prisoners may seek redress in section 1983 actions. See Heck, 512 U.S. at 480-82. The Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in his or her favor "would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If a judgment in favor of the plaintiff would necessarily invalidate his conviction or sentence, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. Id. If the plaintiff cannot do so, then habeas corpus is the exclusive remedy and exhaustion is required. See id. at 481, 487.

More recently, the Supreme Court again addressed the distinction between section 1983 actions and section 2254 petitions. See Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 1587 (1997) (holding that prisoner's claim was not cognizable under section 1983 because it necessarily implied the invalidity of the deprivation of his good-time credits). This decision further clarifies the distinction between the two types of suits: When a prisoner seeks to challenge prison conditions or procedures that, if his challenge were successful, would "necessarily imply the invalidity of the punishment imposed," then his claims are not cognizable under 42 U.S.C. § 1983. Id. at 1589 ; see also Preiser, 411 U.S. at

500 (holding that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release . . . , his sole federal remedy is a writ of habeas corpus"); Carson, 112 F.3d at 820-21 ("If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." (internal citations omitted)). Although section 1983 actions generally may be used to challenge prison conditions and parole procedures, the key question is whether "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Edwards, 117 S. Ct. at 1587.

In accordance with the Supreme Court cases discussed above, this court also has recognized that the key distinction between the two types of actions is the nature of the relief sought by the prisoner. See Herrera v. Harkins, 949 F.2d 1096, 1097-98 (10th Cir. 1991). Where a prisoner challenges "a constitutional defect in an individual parole hearing, [and] where the remedy lies in providing a new parole hearing, [the] prisoner must file a habeas petition." Id. at 1097. By contrast, where the prisoner seeks the benefit of a ruling on a constitutional issue that may affect future parole hearings, i.e. "injunctive or declaratory relief to correct constitutionally defective parole procedures," id. at 1097, his action may be filed under section 1983. See id. at 1097-98.

In this case, Mr. Berry does not contend "that he is being unlawfully

subjected to physical restraint," and he does not seek "release from such confinement." Preiser, 411 U.S. at 486. Nor does he seek a hearing to correct the outcome of a prior, defective parole hearing. Instead, Mr. Berry's claims focus on the defective parole procedures which he argues violate his substantive due process rights and the Ex Post Facto Clause. Given the nature of his claims, Mr. Berry "may not obtain the 'new Parole Board Hearing' he requested from the district court," but he may "obtain declaratory or injunctive relief regarding parole procedures." Herrera, 949 F.2d at 1098 (explaining that where a prisoner seeks injunctive or declaratory relief to correct constitutionally defective parole procedures under section 1983, "the court does not grant a new parole hearing; rather, in any future parole hearings, the prisoner benefits from the new constitutionally acceptable procedures.").

The fact that Mr. Berry asked the district court to grant him a parole hearing within three years rather than ten years does not change our analysis. See Woods v. Keenan, 116 F.3d 490, 1997 WL 345993, at *2 (10th Cir. 1997) (Table) ("[W]e do not rely upon the plaintiff's characterization, but, rather, we consider the nature of the relief sought."). As discussed above, a judgment favorable to Mr. Berry will not automatically provide him with an immediate hearing, result in his release, or shorten the duration of his sentence. At most, an adjudication that the Kansas statute lengthening the time between parole hearings from three years

to a range of three to ten years violated the Ex Post Facto Clause would entitle Mr. Berry and similarly situated individuals to the future benefit of more frequent parole hearings. Because this is not a case in which a judgment favorable to Mr. Berry would necessarily imply the invalidity of his conviction, sentence, or parole determination, we hold that Mr. Berry's action is cognizable under 42 U.S.C. § 1983.[1] We therefore reverse the district court's dismissal without prejudice and remand for further proceedings consistent with this order and judgment.

As we stated in Herrera, "[w]e express no opinion on the merits of the complaint or on what relief, if any, would be appropriate." Herrera, at 1098. We do note that in 1995 the Supreme Court rejected an ex post facto challenge to a California parole statute amendment lengthening the time between parole hearings from one year to up to three years. See Morales, 514 U.S. at 503. In that case, the Court developed the following test:

> [W]e have long held that the question of what legislative adjustments "will be held to be of sufficient moment to transgress the constitutional prohibition" [against ex post facto laws] *must* be a matter of "degree." In evaluating the constitutionality of the [California] amendment, we must determine whether it produces a

---

[1]Our holding that Mr. Berry's claims are cognizable under 42 U.S.C. § 1983 does not necessarily mean that Mr. Berry could not have raised his concerns in a petition for habeas corpus. See Preiser, 411 U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge such prison conditions."); cf. California Dep't of Corrections v. Morales, 514 U.S. 499, 504 (1995) (addressing section 2254 petition raising ex post facto challenge to California statute which increased length of time between parole hearings).

sufficient risk of increasing the measure of punishment attached to the covered crimes.

Id. at 509 (internal citation omitted). The Court went on to conclude that California's amendment created only a "speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for the covered crimes, and such conjectural effects are insufficient under any threshold we might establish under the *Ex Post Facto* Clause." Id. Other factors affecting the Court's decision included the fact that the amendment only affected "a class of prisoners for whom the likelihood of release on parole is quite remote," id. at 510; it only provided the parole board with authority to change the timing of subsequent parole hearings, not of the initial parole hearing, see id. at 511; and the board retained the authority to tailor the frequency of the subsequent hearings to the individual prisoner. See id. The record in this case is not sufficient to meaningfully measure Mr. Berry's claims in light of the principles set forth in Morales.

Finally, because we hold that Petitioner's claims are cognizable under 42 U.S.C. § 1983, he does not need a certificate of appealability.

REVERSED and REMANDED.

                                        Entered for the Court


                                        Monroe G. McKay
                                        Circuit Judge