**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TIMOTHY GORDON BERRY,

      Plaintiff-Appellant,

v.

STATE OF OKLAHOMA;
OKLAHOMA DEPARTMENT OF
CORRECTIONS DIRECTOR;
JAMES L. SAFFLE; PATRICK
CRAWLEY; NORMA BULLOCK;
ANITA WOOTEN; WACKENHUT
CORRECTIONS CORPORATION;
DAYTON J. POPPELL,

      Defendants-Appellees,

and

SCOTT BIGHORSE and MARY
WOOTEN,

      Defendants.

No. 01-6281
(D.C. No. 01-CV-237-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **KELLY** , and **LUCERO** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Timothy Gordon Berry, a state prisoner appearing pro se, appeals the district court's order and the supporting judgment dismissing fifteen of the sixteen claims he asserted in his 42 U.S.C. § 1983 civil rights complaint. Our jurisdiction arises under 28 U.S.C. § 1291, and we conclude that the district court entered a final judgment that is appealable to this court even though the district court did not certify its judgment under Fed. R. Civ. P. 54(b). [1] Nonetheless,

---

[1] With respect to Count Three in Mr. Berry's Complaint, the magistrate judge concluded that Mr. Berry had stated a claim against defendants Scott Bighorse and Mary Wooten based on his allegation that he was transferred to a private prison in retaliation for exercising his constitutional rights. The magistrate judge also concluded that venue over Count Three was not proper in the Western District of Oklahoma, and the magistrate judge recommended that the claim be transferred under 28 U.S.C. § 1406(a) to the Northern District of Oklahoma. The district judge adopted the magistrate judge's recommendation, and, in the same order dismissing the fifteen additional claims asserted by Mr. Berry, the district judge "transfer[red] the claim raised in Count Three . . . to the . . . Northern District of Oklahoma." R., Doc. 9 at 2. Although the district judge did not expressly sever Count Three under Fed. R. Civ. P. 21, we conclude that the district judge intended to sever Count Three as indicated by her language transferring only "the claim raised in Count Three." As a result of the severance, it was not necessary for the district judge to certify her judgment dismissing Mr. Berry's other claims under Rule 54(b), and this court has jurisdiction to hear

(continued...)

-2-

because Mr. Berry's appeal to this court is frivolous, we dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i).

In his complaint, Mr. Berry claimed that: (1) he was wrongfully terminated from his prison work assignment as a legal research assistant; (2) he was not paid the federally mandated minimum hourly wage for work he performed in prison and was denied the opportunity to work for a wage; (3) he was punished and denied certain privileges for refusing to work for no compensation; (4) he was subjected to involuntary servitude in violation of the Thirteenth Amendment; (5) he was denied certain statutory earned credits and has therefore been subjected to a lengthier term of imprisonment; (6) the conditions of his confinement were unconstitutional; (7) certain rules and regulations and related administrative procedures of the Oklahoma Department of Corrections were unlawful; (8) an assistant attorney general of the State of Oklahoma misrepresented the controlling law and committed malpractice during a state-court habeas proceeding; and (9) he has been denied access to the courts.

After thoroughly analyzing each of Mr. Berry's claims in light of the governing legal authorities, the magistrate judge concluded that Mr. Berry had failed to state a claim on which relief may be granted and/or that his claims were

---

[1](...continued)
this appeal without a Rule 54(b) certification.

-3-

frivolous. The magistrate judge therefore recommended to the district judge that Mr. Berry's claims be dismissed under § 1915(e)(2)(B)(i) and (ii), [2] and the district judge adopted the magistrate judge's recommendation and dismissed Mr. Berry's claims. The district judge also determined that the dismissal counts as a "prior occasion" or "strike" for purposes of the "three strikes" provision in § 1915(g). In addition, the district judge denied Mr. Berry's motion for leave to proceed on appeal in forma pauperis, concluding, under § 1915(a)(3), that this appeal was not taken in good faith.

We review the district court's dismissal for failure to state a claim de novo. *See Gaines. v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). We review the district court's § 1915(e) frivolousness dismissal for an abuse of discretion. *See McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). The standard of review is not determinative of this appeal, however, because we reach the same conclusions under either the de novo or the abuse-of-discretion standard of review.

---

[2] As noted by the magistrate judge, filing restrictions have been imposed on Mr. Berry due to his extensive history of filing frivolous lawsuits in the Western District of Oklahoma. *See Berry v. Fields*, No. 94-6281, 1994 WL 697314 at **1 (10th Cir. Dec. 13, 1994) (unpublished). The magistrate judge concluded that Mr. Berry substantially complied with the filing restrictions, and she therefore examined the merits of his claims.

For substantially the same reasons set forth in the magistrate judge's report and recommendation dated May 10, 2001,    *see* R., Doc. 6 at 7-24, we agree that Mr. Berry's claims are frivolous and/or fail to state a claim. We also agree with the district judge that this appeal was not taken in good faith. Accordingly, we deny Mr. Berry's motion under § 1915(a)(1) for leave to proceed on appeal in forma pauperis; we order Mr. Berry to render immediate payment of the unpaid balance due on the filing fee; and we dismiss this appeal as frivolous. Further, the dismissal of this appeal counts as a "prior occasion" or "strike" for purposes of the "three strikes" provision in § 1915(g).    [3]

This appeal is DISMISSED. We also DENY Mr. Berry's "Motion and Brief to Expand/Supplement the Record and for Leave to Amend/Supplement Pro Se Civil Rights Complaint," which he filed in this court on March 24, 2003.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3]    We note that Mr. Berry has two prior strikes in the Western District of Oklahoma based on the dismissals of his § 1983 complaints in Case Nos. 92-CV-174 and 94-CV-790. The district court's dismissal in this case also counts as a separate strike, giving Mr. Berry a present total of four strikes for purposes of § 1915(g) and any future civil actions he files in federal court.