**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

DONALD WAYNE SMITH,

Petitioner-Appellant,

v.

ERIK FRANKLIN, Warden,

Respondent-Appellee.

No. 11-6266
(D.C. No. 5:11-CV-00400-C)
(W.D. Okla.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY, TYMKOVICH,** and **GORSUCH**, Circuit Judges.

---

After Donald Smith was convicted in Oklahoma of first degree murder, he

filed an unsuccessful application with the Oklahoma Pardon and Parole Board

seeking a commutation of his sentence. And this, in turn and eventually, led him

to file a petition in federal court under 28 U.S.C. § 2241. In his federal habeas

petition, Mr. Smith alleged that he is entitled to habeas relief "in light of the

Oklahoma Pardon and Parole Board members' arbitrary and capricious abuse of

discretion in its failing to refuse to conduct a full and fair hearing," and because

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"the failure and/or refusal of the Oklahoma Pardon and Parole Board to have in place a policy procedure for the exhaustion of pardon and parole board administrative remedies."

Understanding Mr. Smith's habeas petition as seeking release or perhaps a new hearing, the district court ruled that the petition lacked merit. The court ruled it lacked merit because Mr. Smith has no inherent constitutional right to an early release from his sentence and Oklahoma law itself creates no such liberty interest. Accordingly, the court held, the commutation procedures Mr. Smith sought to challenge could not have violated his constitutional rights. The district court then proceeded to deny Mr. Smith a certificate of appealability (COA) and leave to proceed *in forma pauperis* on appeal. Now before us, Mr. Smith renews his requests for a COA and to proceed *in forma pauperis*.

To receive a COA, Mr. Smith must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Seeking to meet this standard, Mr. Smith's appellate submission identifies only one "claim of error." He asserts that the district court should have converted

his 28 U.S.C. § 2241 habeas petition into a 42 U.S.C. § 1983 action. The difficulty is, Mr. Smith never presented this argument to the district court. To the contrary, throughout the district court proceedings he styled his argument as arising under § 2241. And we generally will not grant a COA to address putative errors that the district court never had a chance to pass upon — this because the failure to address an unraised argument is rarely debatably wrong. *See, e.g.*, *United States v. Goode*, 406 Fed. Appx. 319 (10th Cir. 2011) (unpublished) (collecting cases). Neither might this case present an extraordinary exception to the general rule. It's true that an inmate may challenge parole procedures through § 1983 "[w]hen seeking injunctive or declaratory relief" against the prospective application of challenged procedures in future parole proceedings. *Herrera v. Harkins*, 949 F.2d 1096, 1097 (10th Cir. 1991). But it is equally true that a prisoner may "challenge in federal court the result of his parole hearing only by filing a habeas petition." *Id.* at 1098. When a petitioner seeks to "challenge a constitutional defect in an individual parole hearing, where the remedy lies in providing a new parole hearing [or release], a prisoner must file a habeas petition." *Id.* at 1097. And the district court quite reasonably took Mr. Smith's submission at its word, as seeking relief simply for his particular case by granting him habeas relief — his liberty or a new hearing. The submission, however charitably read, suggested no more.

The application for a COA and the motion for leave to proceed *in forma pauperis* are denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge