Roy BRIGGS, Petitioner,

v.

CITY OF UNION CITY, Respondent.

Supreme Court of Tennessee.

Dec. 15, 1975.

Bruce Conley, Maness, Conley & Hayes, Union City, for petitioner.

Paul G. Hudgins, City Atty., Sam C. Nailling, Sp. Counsel, Union City, for respondent.

HENRY, Justice.

We granted certiorari to answer two questions, viz.: (1) whether a defendant convicted of the violation of a city ordinance is entitled to a jury trial upon appeal to the Circuit Court and (2) whether the Circuit Court, in a driving-while-under-the-influence case appealed from a municipal court, may suspend the individual's driver's license.

He is; it may not.

■ In *Metropolitan Government v. Allen,* 529 S.W.2d 699 (Tenn.1975), we reviewed the major former decisions of this Court and held that cases involving violations of city ordinances are not criminal prosecutions; that they are civil in nature having as their object the vindication of domestic regulations; that they are in the nature of actions for debt; and that on appeal to the Circuit Court they are "triable *de novo* in the circuit court in precisely the same manner and under the same procedur-al rules as those governing tort actions instituted in the General Sessions Courts, to include the right to a jury trial." We reaffirm this holding. We do not hold that this should be the law; only that it is, under our existing constitution and statutes.

■ We concur in the conclusion reached by the Court of Appeals that the trial judge erred in ordering a suspension of petitioner's state driver's license on the basis of a provision contained in the city ordinance. The City elected to proceed in its own courts and under its own ordinance as opposed to charging petitioner under the general law of the state and in the General Sessions Court. It is fundamental that a Tennessee municipality has no authority to revoke or suspend a driver's license issued by the State.

Section 59–1028 T.C.A. provides that Tennessee municipalities may adopt by reference §§ 59–801—59–881 (Rules of the Road) and §§ 59–1001—59–1030 (accidents, arrests, crimes and penalties). It is significant that the power to adopt does not extend to § 59–1031 proscribing operation of vehicles by persons under the influence of intoxicants or narcotic drugs.

■ We hold that a Tennessee municipality is without power to revoke a state-issued driver's license. This seems to be in accord with the general rule. See *Bellingham v. Schampera,* 57 Wash.2d 106, 356 P.2d 292, 92 A.L.R.2d 192. See also 51 Am.Jur.2d, Licenses and Permits, § 143; Annotation 92 A.L.R.2d 204.

■ The appellate jurisdiction of the circuit court in a driving-while-under-the-influence case originating in a municipal court is limited to the penalty or forfeiture legally imposed by city ordinance and the circuit court may impose no greater sanctions. The simple fact is that municipal courts in Tennessee are not so structured as to deal effectively with cases of this character, and municipalities would be well advised to present these charges by state's

warrants and pursue them in general sessions courts.

Remanded.

FONES, C. J., COOPER and HARBISON, JJ., and DYER, Special Judge, concur.