Elmer HISER, Joy Hiser, Father and Administrator of the Estate; Violet Hiser; Stephen Hiser; Franklin Hiser; Judith A. Galloway; Debra S. Knoblock, Plaintiffs–Appellants,

v.

CITY OF BOWLING GREEN; K.E. Fortney; Steven Woodworth; Scott Riddle, Defendants–Appellees.

No. 93–4349.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 17, 1994.

Decided Dec. 20, 1994.

William C. Caughey (briefed), Caughey, Kuhlman, Beck & Reddin, Bowling Green, OH, Clifford S. Zimmerman (argued), DePaul University College of Law, Chicago, IL, for plaintiffs-appellants.

William S. McCready (argued and briefed), Ritter, Robinson, McCready & James, Toledo, OH, for defendants-appellees.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and ZATKOFF,* District Judge.

KENNEDY, Circuit Judge.

On February 5, 1992, Steven Woodworth, a police informant, allegedly killed Joy Hiser. Plaintiffs, the administrator of Hiser's estate, her parents, and her siblings, all filed suit against defendants, raising various claims under 42 U.S.C. § 1983 and under state law. The District Court dismissed the federal issues for failure to state a claim and refused to exercise its supplemental jurisdiction over the state claims. Plaintiffs now appeal, and we affirm.

## I.

In June 1991, Woodworth pled guilty to stealing and negotiating two checks and was given a one year suspended sentence and three years probation.[1] In addition to this conviction, Woodworth's criminal history includes charges of mugging a pizza delivery man and menacing. In early January of 1992, the Bowling Green Police Department ("BGPD") arrested Steven Woodworth for

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Because the District Court granted defendants' motion to dismiss, we recite the facts as alleged in plaintiffs' complaint.

writing two insufficient funds checks in violation of his probation.

After this arrest, Woodworth entered into an informant agreement with the BGPD, stating that he knew several drug dealers, including Scott Riddle. Pursuant to this agreement, Woodworth moved into the apartment that Riddle shared with Joy Hiser. Officer K. Fortney served as Woodworth's contact in the BGPD. Over the next month, Woodworth proceeded to arrange several drug deals, which were monitored by Bowling Green police officers, including Fortney. The BGPD paid Woodworth approximately $175 during the month of January for these services.

Woodworth's activities as an informant required him to associate with known felons and to be around drugs, both of which were violations of his probation. Plaintiffs allege that defendants should not have put Woodworth in this situation and should have reported these violations to the probation department. The probation department independently learned of these activities and caused an arrest warrant to be issued. The police department, however, refused to execute the warrant.

Plaintiffs also allege that Woodworth "frequently bragged about his informant status, threatened anyone who challenged his status and authority with retribution from the BGPD, claimed that he was immune from any criminal prosecution as a result and claimed that he could violate the law and no one could do anything because of the informant agreement." Compl. ¶ 38. According to plaintiffs, the police either knew or should have known about Woodworth's assertions.

In early February 1992, Woodworth stole and negotiated a check from Joy Hiser. On February 4, 1992, Hiser asked Woodworth to move. The next day, February 5, she confronted Woodworth about the missing check and threatened to report the incident to the police. That evening, Woodworth, with Riddle's assistance, soaked a rag in chlorine bleach and ammonia and held it over Hiser's face. She died as a result.

Plaintiffs subsequently filed the present suit, accusing defendants of violating Hiser's civil rights and depriving Hiser's family of their associational rights. The complaint also raised several state law claims. We note that defendant Riddle was named only in the state claims.

Defendants Fortney and BGPD filed a motion to dismiss, which was granted by the District Court. Although Woodworth has not been served in this action, the District Court found that the complaint failed to state a federal claim against Woodworth and dismissed the allegations against him without prejudice. The District Court also refused to exercise its supplemental jurisdiction and dismissed the remaining state claims. Plaintiffs now appeal.

## II.

In deciding a motion to dismiss, "the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d Ed.1990). A complaint will not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). We review *de novo* a district court's grant of a motion to dismiss. *Taxpayers United for Assessment Cuts v. Austin,* 994 F.2d 291, 296 (6th Cir.1993).

## III.

### A. Woodworth and the Under Color of State Law Requirement

■ We must first address the question of whether Woodworth was acting under color of state law at the time he allegedly killed Joy Hiser. This court has previously refused "to establish a per se rule that the activities of paid government informants must always be considered government action." *Ghandi v. Police Department,* 823 F.2d 959, 963 (6th Cir.1987), *cert. denied,* 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988). Instead, we "look to all the facts to determine whether a paid government informant 'may fairly be said to be a [government] actor ... be-

cause he has acted together with or has obtained significant aid from [government] officials, or because his conduct is otherwise chargeable to the State.'" *Id.* at 964 (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982)).

Even accepting plaintiffs' allegations as true, we agree with the District Court that the complaint does not support a claim that Woodworth was acting under color of state law at the time he participated in the murder of Hiser. Woodworth's informant activities were limited to obtaining evidence against Riddle and other drug dealers. Stealing a check from Hiser and then killing her were actions outside of the informant agreement. Because Woodworth was acting on his own, rather than under color of state law, he is not a state actor and cannot be held liable under section 1983. Accordingly, the District Court did not err in dismissing Woodworth without prejudice.

### B. Fortney and Bowling Green

 The Supreme Court has held that state actors cannot be held liable for failing to prevent the criminal actions of a third party unless a special relationship exists between the state and the victim. *DeShaney v. Winnebago County,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). In explaining its ruling, the Court stated:

> The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf.... In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means.

*Id.* at 200, 109 S.Ct. at 1005–06 (citation omitted).

Plaintiffs allege that a special relationship existed between Fortney, Bowling Green, and Hiser because the state defendants placed a violent criminal in Hiser's apartment without warning her of the danger. Even if we assume that the police knew of Woodworth's violent tendencies, this case still does not cross the threshold established by *DeShaney.* The police did not place affirmative restrictions on Hiser's liberty and her ability to protect herself. Hiser cannot be analogized to a person who has been incarcerated or institutionalized. Accordingly, the District Court correctly concluded that plaintiffs had not stated a claim under section 1983.

### IV.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.