IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# FRANK BARRETT v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

**Direct Appeal from the Circuit Court for Davidson County**
**No. 98C-1095    Walter C. Kurtz, Judge**

---

**No. M1999-01130-COA-R3-CV - Decided June 22, 2000**

---

The Circuit Court of Davidson County held that the General Sessions Court could not assess a $500 penalty for the violation of a municipal ordinance absent a waiver of the defendant's right to a jury trial. We reverse the judgment below.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ. joined.

Karl F. Dean, Director of Law, Kimberly M. Frayn and Courtney E. Knight, Nashville, Tennessee, for the appellant, Metropolitan Government of Nashville and Davidson County.

John E. Herbison, Nashville, Tennessee, for the appellee, Frank Barrett.

## OPINION

### I.

Frank Barrett allegedly violated Title 16 of the Code of Laws of the Metropolitan Government of Nashville and Davidson County (Metropolitan Code) by repairing a building without a building permit and by failing to comply with a stop work order. The Metropolitan Government served Mr. Barrett with five civil warrants issued by the Davidson County General Sessions Court alleging violations of § 16.28.010 and § 16.04.110 of the Metropolitan Code. On each of the warrants the general sessions court gave the Metropolitan Government a judgment of $500 and costs.

The power to impose a penalty in that amount is derived from Tenn. Code Ann. § 7-3-507, where the legislature gave metropolitan governments in Tennessee the power to set a penalty of up to $500 for each violation of certain metropolitan ordinances. Pursuant to that power, the Metropolitan Council passed Ordinance No. 095-1329 which, among other things, made the

violation of Title 16 of the Metropolitan Code subject to the $500 penalty. In Section 12 of the Ordinance the council actually amended § 16.04 to say that for violations of Title 16, where no specific penalty is provided, the violation shall be punishable by a "fine" not to exceed $500.

The reference to a "fine" turned out to be an unfortunate choice of words, because Article VI, § 14 of the Tennessee Constitution provides:

> No fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, . . . .

The Davidson County Circuit Court granted Mr. Barrett's petition for a writ of certiorari and held that the general sessions court had exceeded its jurisdiction. The trial judge found the Council's choice of words significant and held that Article VI, § 14 prevented any court from imposing a fine greater than $50, absent a valid waiver of the right to a jury.

## II.

On appeal, the Metropolitan Government insists that the $500 "fine" in the ordinance is a civil penalty, regardless of the council's choice of words. Mr. Barrett insists that the trial judge was correct in finding it to be a criminal fine, and that it would have been a criminal fine even if the council called it a penalty. Thus, both sides urge us to put substance over form.

This debate is not new. In *City of Chattanooga v. Myers*, 787 S.W.2d 921 (Tenn. 1990), our Supreme Court surveyed at least twenty cases going back to 1858 and concluded that

> "[F]or 130 years proceedings to recover fines for the violation of municipal ordinances have been considered civil for the purposes of procedure and appeal, although the principles of double jeopardy have recently been determined to apply in such cases . . . . The basis of the cases, accepted in *Allen-Briggs*, is that an appeal to circuit court of a judgment of a municipal court -- even when the defendant is the appellant -- is an appeal in a civil action brought by the municipality to recover a 'debt'."

787 S.W.2d at 928.

The *Allen-Briggs* reference was to *Metropolitan Government v. Allen*, 529 S.W.2d 699 (Tenn. 1975) and *Briggs v. City of Union City*, 531 S.W.2d 106 (Tenn. 1975). In both cases, the Court concluded "that cases involving violation of city ordinances are not criminal prosecutions; that they are civil in nature having as their object the vindication of domestic regulations." 529 S.W.2d at 707; 531 S.W.2d at 107.

The *Myers* Court traced the *Allen-Briggs* rule back to *Meaher v. Mayor and Aldermen of Chattanooga*, 38 Tenn. 75 (1858), in which the Court said:

> If the <u>fine</u>, forfeiture or penalty – for the name is not so material – is fixed by the ordinance, for any particular thing, that may be recovered by warrant, and the only proof required is that the offence, or act to which such fine or forfeiture is attached, has been committed.

38 Tenn. at 76 (emphasis supplied).

The *Myers* Court also recognized that in *Metropolitan Government of Nashville and Davidson County v. Miles*, 524 S.W.2d 656 (Tenn. 1975), the Court had held that to allow a municipality to appeal the dismissal of a charge of violating an ordinance would violate the state and federal prohibitions against double jeopardy. *See State v. Jackson*, 503 S.W.2d 185 (Tenn. 1973); *United States v. Halper*, 109 S.Ct. 1892 (1989). The cited cases held that under some circumstances a civil penalty is "punishment" for the purposes of double jeopardy analysis. *See* Fifth Amendment to the United States Constitution and Article I, § 10 of the Tennessee Constitution.

The *Myers* Court also took note of this court's decision in *O'Dell v. City of Knoxville*, 388 S.W.2d 150 (Tenn. App. 1964), where the court decided the issue involved here and held that a penalty of more than $50 could be assessed by the court for the violation of a city ordinance without offending Article 6, § 14 of the Tennessee Constitution. Where the court in *Miles* said that *O'Dell* had been impliedly overruled by *State v. Jackson*, in *Myers* the court unanimously held that the *Miles* language was "overbroad" and that there was no conflict between the two decisions (*Miles* and *O'Dell*).

As we see it, when the dust settled after the *Myers* decision, *O'Dell* was still the leading case on whether a jury had to impose a fine/penalty of more than $50 for the violation of a municipal ordinance. In addition, the courts have adhered to the *Meaher* holding that the name given the punishment in the ordinance – whether fine, forfeiture, or penalty – is not material; it is still in the nature of a civil debt, recoverable in a civil action. *Myers,* supra; *City of Nashville v. Baker*, 73 S.W.2d 169 (Tenn. 1934); *Guidi v. City of Memphis*, 263 S.W.2d 532 (Tenn. 1953). Therefore, the imposition of the $500 penalties by the general sessions court did not violate Article 6, § 14 of the Tennessee Constitution.

The puzzling part of this whole exercise appears when we realize that Mr. Barrett could have had a jury trial by simply appealing the judgment of the general sessions court and demanding a jury pursuant to Article I, § 6 of the Tennessee Constitution. That was the whole point made by the *Myers* Court. Instead, he chose to file a petition for certiorari to attack the judgment as being beyond the jurisdiction of the lower court. We think the writ was improvidently granted and Mr. Barrett should have used the appeal process provided in Tenn. Code Ann. § 27-5-108. *See Clark v. Metropolitan Government of Nashville and Davidson County*, 827 S.W.2d 312 (Tenn. Ct. App. 1991)(concurring opinion).

The judgment of the circuit court is reversed and the cause is remanded to the Davidson County General Sessions Court for the enforcement of its judgments. Tax the costs on appeal to the appellee, Frank Barrett.