IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 30, 2001 Session

## JEFFREY BUTLER v. CITY OF JACKSON, STATE OF TENNESSEE

**A Direct Appeal from the Circuit Court for Madison County**
**No. 97-727     The Honorable Donald Allen, Judge**

**No. W2000-02154-COA-R3-CV - Filed May 24, 2001**

This case is before the court for the second time. Defendant was tried in city court for violation of five separate city ordinances and was fined a total of $250.00 for the five violations. After a *de novo* trial in circuit court, defendant was found guilty of violating the five separate ordinances and was fined a total of $250.00. This Court reversed the conviction on two of the five ordinances and affirmed the convictions on three of the ordinances. The case was remanded to the trial court to determine the amount of fine for the three violations. On remand, the trial court assessed fines totaling $750.00, being $250.00 for the violation of each of the three ordinances. Defendant has appealed. We reverse the trial court and set defendant's fine at $250.00 for violation of the three city ordinances.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Modified and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and JOE G. RILEY, J., joined.

Jeffrey Butler, Jackson, Pro Se

R. Scott Pietrowski, Jackson, For Appellee, City of Jackson

### OPINION

The factual and procedural history are set out in our former opinion, *City of Jackson v. Butler*, 10 S.W.3d 250 (Tenn. Ct. App. 1999), which we quote:

> After receiving complaints about the premises at 126 Wilkinson in Jackson, Tennessee, the Health and Sanitation Department of the City of Jackson ("City" or "Appellee") instituted an investigation at that address in July of 1997.

On July 16, 1997, pursuant to Jackson City Code section 13-105, a letter issued from Code Enforcement Officer Rickey Brown to the Appellant, notifying him that he was in violation of the Official Code of the City of Jackson sections 13-103, 13-104, 13-105, and 17-105. When Butler failed to take any action, two citations were issued. The first citation, issued July 31, 1997, charged Butler with violating City Code 13-202. The second citation, issued August 1, 1997, charged Butler with violating City Code sections 13-103, 13-104, 13-105, and 17-105.

Code Enforcement Officer Rickey Brown based the citations on his observation of weeds, vines, stacks of wood, metal parts, automotive parts, motors, automobiles, scattered papers and debris located in the front and back yards of Butler's residence. Brown returned in August of 1997 and on September 15, 1997, and found the property in the same condition. Accompanying him on September 15 was the Jackson-Madison County Environmental Program Director and Superintendent of the City of Jackson Health and Sanitation Department, Brent Lewis. Lewis observed the property in the same condition and a videotape and photographs were made at that time and later submitted into evidence. Officer Jerry West observed the same violations, and additionally junk cars, and caused the citations for the cars to issue.

On August 18, 1997, Butler responded to the summons at the City of Jackson City Court. Thereafter a trial ensued, resulting in a judgment against Butler in the amount of $250.00. Butler appealed the matter to circuit court.

On May 8, 1998, the circuit court conducted a de novo hearing. The trial court found Butler to be in violation of City Code sections 13-103, 13-104, 13-105, 13-202 and 17-105 and imposed a fine of $250.00. The trial court found that there had been some clean up of the yard since the citations were issued. Accordingly, the trial court ordered the city to send Butler a new letter informing him of what must be done to bring the property up to code. The trial court further held that Butler would then have fifteen (15) days to comply. If Butler did not comply, the City would be allowed to clean up the yard at the expense of Butler. It is from that decision that Butler appeals to this Court.

10 S.W.3d at 252.

This Court affirmed the trial court regarding Butler's violation of city code sections 13-103, 13-202, and 17-105, but reversed the trial court with regard to sections 13-103 and 13-105. The case was remanded to the trial court for the sole purpose of determining the amount of the fine to be assessed against Butler for the violation of three city code sections. In remanding the case this Court stated in pertinent part:

> In summary, we find that the trial court did not err in finding Butler in violation of City Code sections 13-103, 13-202, and 17-105. However, the trial court erred in finding Butler in violation of City Code sections 13-104 and 13-105. Under the general penalty provision, the trial court may impose a fine of no more than five hundred dollars ($500.00) for each violation. While the fine of $250.00, imposed by the trial court for the five code violations, is still within the allowable range, ***this Court cannot know if the trial court would have imposed the same fine for three code violations.*** Therefore, we shall remand this case back to the trial court for a new determination.

*Id.* at 258 (emphasis added).

On remand, the trial court specifically limited the trial proceedings to a consideration of the fine imposed. At the conclusion of the hearing, the trial court assessed a fine of $250.00 for each of the code violations, for a total of $750.00. Butler has appealed.

The issue for review is whether the trial court erred in assessing fines in excess of the previously assessed fine. This is a question of law, and our review is *de novo* on the record of the proceedings in the trial court, but there is no presumption of correctness as to the trial court' ruling. ***See Billington v. Crowder***, 553 S.W.2d 590, 595 (Tenn. Ct. App. 1977).

Although we have a limited issue for review, Mr. Butler persisted in arguing the correctness of his conviction for violating the Jackson code sections involved. However, this Court's decision and judgment in affirming the conviction in the previous appeal has become final and has become the law of the case. Under the law of the case doctrine, the appellate court's decision on an issue of law becomes binding precedent to be followed in later trials and appeals of the same case involving the same issues and facts. ***Ladd v. Honda Motor Co., Ltd***., 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996). Butler asserts that in the first circuit court trial, the trial judge directed the city to send him a follow-up letter to give him an opportunity to comply with the code sections, and that the city's failure to send the letter resulted in there being no violations of the city code and therefore the fines are not in order. We cannot agree with this assertion. The trial court's instructions concerning a follow-up letter could be an effort by the trial court to assist Butler in avoiding future violations, but, in any event, it has no bearing on the established violations involved in this appeal.

The record reveals that in setting the fine, the circuit court referred to events that had transpired after Butler was originally cited in July and August of 1997, and after the trial on both citations in May of 1998. We quote from the record:

> In this particular matter, I've reviewed the file. I've read over everything in the file, and we're back here today to determine the appropriate fines with respect to these three violations. You know, Judge Murchison gave Mr. Butler an opportunity to clean this up within a matter of 15 days, and apparently he didn't do that. The case went up on appeal. He's now come back and he's cleaned it up, which is helpful to him.
>
> Of course, the Court could impose a fine of up to $500.00 on each of these three violations. I'm not going to impose a maximum fine. However, I am going to impose a fine of $250.00 on each of these three violations. So, on violation of City Code 13-103, a $250.00 fine is imposed. On violation of 13-202 Code Section, I impose a fine of $250.00. And a violation of Code Section 17-105, I impose a fine of $250.00. I feel like those are appropriate fines. You know, Judge Murchison, who I know, is very understanding and very fair, gave Mr. Butler an opportunity to try to clean this up within 15 days. He didn't do it. He didn't clean it up until June of this year. So, because of that, then I feel like a $250.00 fine is appropriate on each violation. So, there will be a total of $750.00 in fines plus Court costs.

Cases involving violations of city ordinances are not criminal prosecutions. *Metropolitan Government v. Allen*, 529 S.W.2d 699 (Tenn. 1975). In *Briggs v. City of Union City*, 531 S.W.2d 106 (Tenn. 1975), the Supreme Court said:

> In *Metropolitan Government v. Allen*, 529 S.W.2d 699 (Tenn. 1975), we reviewed the major former decisions of this Court and held that cases involving violations of city ordinances are not criminal prosecutions; that they are civil in nature having as their object the vindication of domestic regulations; that they are in the nature of actions for debt; . . . .

*Id*. at 107.

In *City of Chattanooga v. Myers*, 787 S.W.2d 921 (Tenn. 1990), the Court held that a defendant is entitled to a jury trial on appeal to the circuit court from a judgment of a municipal court based on violations of city ordinances. The Court reviewed a number of cases, going back to 1858, concerning the status of city ordinance violations, stating:

In summary, for 130 years proceedings to recover fines for the violation of municipal ordinances have been considered civil for the purposes of procedure and appeal, although the principles of double jeopardy have recently been determined to apply in such cases. See *Miles, supra; cf. United States v. Halper*, [490 U.S. 433], 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (discussing under what circumstances a *civil penalty* constitutes "punishment" for the purposes of double jeopardy analysis).

*Id.* at 928 (emphasis in original).

In *City of Church Hill v. Reynolds,* No. E2000-01376-COA-R3-CV, 2001 WL 242583 (March 12, 2001), the Eastern section of this Court, considering a case involving violations of the Church Hill municipal code, held that the defendant was placed in double jeopardy by the circuit court for violation of municipal ordinances on days for which the city court made no finding of guilt. In discussing treatment of double jeopardy by both the United States and the Tennessee Constitutions the *Reynolds* Court stated:

There are three fundamental principles that underlie the double jeopardy provisions of both Constitutions: (1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after a conviction; and (3) protection against multiple punishments for the same offense. *Id.* Although these three fundamental principles are the same under either Constitution, it has been held that the Tennessee Constitution provides a greater measure of protection against double jeopardy than does the federal Constitution in certain circumstances. *Stuart*, 964 S.W.2d at 321 (citing *State v. Denton,* 938 S.W.2d 373, 381-82 (Tenn. 1996)).

\*　　\*　　\*

According to the Court in *Myers,* the "clear" rule to be gleaned from a review of the various cases is that, as far as general procedural matters and matters of appeal are concerned, cases involving violations of municipal ordinances are civil in nature. Even though these cases are considered "civil" from a procedural standpoint, the prohibition against double jeopardy nevertheless applies.

*Id.* at \* 3 - \*4.

In the instant case, this Court reversed the trial court's judgment finding Butler in violation of two code sections while affirming the trial court's judgment finding Butler in violation of three code sections. Since the trial court's fine for five violations was set at $250.00, this Court remanded the case after stating:

While the fine of $250.00, imposed by the trial court for the five code violations, is still within the allowable range, this Court cannot know if the trial court would have imposed the same fine for three code violations. Therefore, we shall remand this case back to the trial court for a new determination.

10 S.W.3d at 257.

Obviously, a violation of five code sections would carry a heavier fine than the violation of three code sections, and it is implicit in this Court's remand that the trial court determined that the amount of the fines for three code section violations was within the $250.00 range previously set by the trial court. The remand is clearly for a determination of the fines for the affirmed violations. However, it appears from the above-quoted record that the trial court assessed the enhanced fines because the court determined that Butler delayed cleaning up the property beyond the fifteen days allowed by the judgment. This appears to exceed the parameters of the remand.

In *State v. Irick*, 906 S.W.2d 440 (Tenn. 1995), our Supreme Court stated:

Generally, however, a trial court should interpret an order remanding a case as implicitly requiring a prompt hearing in accordance with the remand. Moreover, "[i]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process. There would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions." *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976).

*Id.* at 443.

Accordingly, we find that the trial court erred in assessing the enhanced fine under the circumstances of this case. Although the trial court initially assessed a fine of $250.00 for a violation of five code sections, we find that a $250.00 fine for a violation of the three code violations, violations affirmed by this Court, is reasonable. Therefore, we modify the judgment of the trial court and assess a total fine of $250.00 for the violation of said code sections. Costs of the appeal are assessed against the appellant, Jeffrey Butler, and his surety. The case is remanded for any further proceedings that may be necessary.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.