**Alvin SEAGROVES, Plaintiff–Appellant,**

v.

**TENNESSEE BOARD OF PROBATION & PAROLE; Roy Maples; Dalton; John Doe, Board Member, TN Board of Probation & Parole; John Doe, Board Member, TN Board of Probation & Parole; Charles Traughber, Defendants–Appellees.**

No. 01–6274.

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

*ORDER*

Alvin Seagroves, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief and costs, Seagroves sued two named and two unnamed members of the Tennessee Board of Probation & Parole, the chairman of that Board, and the Board itself for allegedly violating his constitutional rights in connection with his February 13, 2001,

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

parole hearing. Seagroves is serving a life sentence for crimes committed in Tennessee in August 1973. He stated that defendants used the current parole statutes, rather than those in effect at the time of his offenses, to his detriment when conducting his 2001 hearing. He further complained that the defendant John Doe Board members improperly voted to refuse him parole without attending the hearing and based upon misinformation. His appeal to the Board was denied on July 5, 2001. In his § 1983 complaint, Seagroves alleged in overlapping claims that: (1) the actions of the Board in using the current parole statutes instead of those in effect in 1973 violated the Ex Post Facto Clause; and (2) the actions of the Board in having members vote on his parole without adequately reviewing the case or attending the hearing, and in basing his parole decision upon a dismissed charge and misinformation, violated the Due Process Clause.

The district court summarily dismissed the complaint without prejudice in a memorandum and order entered on September 12, 2001. Citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the court concluded that Seagroves's challenge to his parole proceedings must be pursued in a habeas corpus action under 28 U.S.C. § 2254 after exhausting state court remedies. Because the complaint had no arguable basis in law, the district court found it to be legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2), and dismissed it without prejudice to Seagroves's right to bring his claims in a § 2254 action. The district court denied Seagroves's motion for reconsideration in an order entered on October 1, 2001.

On appeal, Seagroves argues that: (1) the district court improperly dismissed his pro se complaint without granting him the opportunity to amend it to cure the deficiencies; (2) the district court improperly dismissed the complaint as frivolous; (3) the district court improperly dismissed the complaint as one which had to be brought as a petition for a writ of habeas corpus despite the fact the Seagroves had also requested damages unavailable in habeas corpus proceedings; (4) the district court improperly dismissed the complaint, requiring exhaustion of state court remedies as a prerequisite to federal relief as there are no adequate or available state remedies in this situation; and (5) there were constitutional violations in connection with his parole hearing.

Upon review, we vacate the district court's order and remand the case for further consideration because Seagroves's challenge to the statutes and procedures applied during his parole hearing is cognizable under § 1983. This court reviews *de novo* a district court's dismissal of a suit as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir. 2000). A complaint is frivolous if it lacks an arguable or rational basis in law or fact. *Id.* at 866. It fails to state a claim for relief if, after the court construes the complaint in the light most favorable to the plaintiff and accepting his factual allegations as true, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* at 867.

The district court should not have dismissed Seagroves's complaint under *Preiser* because he is challenging the procedures used to determine his parole eligibility rather than the decision itself. *Preiser* and *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), do not bar all § 1983 challenges to parole procedures. *See Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442

U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Although a prisoner cannot sue under § 1983 for immediate or speedier release, a prisoner *can* bring a § 1983 challenge to state parole procedures because the success of such a lawsuit would only increase the prisoner's chances of discretionary parole. *See, e.g., Anyanwutaku v. Moore,* 151 F.3d 1053, 1055–56 (D.C.Cir.1998); *Shabazz v. Gabry,* 123 F.3d 909, 912 (6th Cir.1997) (addressing merits of ex post facto challenge to Michigan parole amendments under § 1983); *Allison v. Kyle,* 66 F.3d 71, 73–74 (5th Cir.1995); *Otey v. Hopkins,* 5 F.3d 1125, 1131 (8th Cir.1993); *Herrera v. Harkins,* 949 F.2d 1096, 1097–98 (10th Cir.1991); *Wright v. Trammell,* 810 F.2d 589, 590 (6th Cir.1987) (considering merits of due process challenge to Tennessee parole procedures brought under § 1983).

Seagroves's claim is not barred by *Preiser* because Seagroves challenges his parole procedures, alleging that the Board used procedures amended to his detriment in violation of the Ex Post Facto Clause, and relied on incorrect information to deny him parole. He seeks, not immediate or speedier release, but a new hearing utilizing what he considers the proper statutes and procedures.

Seagroves first argues that the parole statutes currently in effect make it less likely that he would be granted parole than those in effect at the time of his offense. Ex post facto challenges to amended parole laws are analyzed in light of the test set forth in *California Dep't of Corr. v. Morales,* 514 U.S. 499, 508–14, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). The *Morales* Court did not identify a single formula to identify those amendments that have a sufficient impact on substantive crimes or punishments to qualify as ex post facto laws. "Instead, the Court developed a test in which it inquired whether the amendments 'produce[ ] a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Shabazz,* 123 F.3d at 913 (quoting *Morales,* 514 U.S. at 509). This "sufficient risk of increased punishment" involves more than "merely 'some ambiguous sort of "disadvantage"' suffered by an inmate." *Id.* at 914 (quoting *Morales,* 514 U.S. at 506 n. 3). In analyzing the challenged amendments to the California parole law, the Supreme Court focused on four features of those particular amendments, leaving it unclear what factors in other challenges are determinative. *Id.* Thus, while ex post facto analysis of amendments to state parole legislation must be analyzed under the "sufficient risk" test of *Morales,* that analysis appears to be sufficiently fact-specific as to call for consideration by the district court in the first instance.

A procedural due process claim under the Fourteenth Amendment depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). "[T]he presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release." *Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). However, a state may still grant a protected liberty interest in parole. This court concluded in *Mayes v. Trammell,* 751 F.2d 175, 179 (6th Cir.1984), that the Tennessee parole scheme did create an entitlement to parole protected by due process. That scheme was amended effective April 10, 1985, to eliminate words from the former rule that granted a constitutionally protected liberty interest in parole. *Wright,* 810 F.2d at 590–91; *State v. Darden,* 12 S.W.3d 455, 459 n. 3 (Tenn.2000).

Seagroves committed his offenses in 1973, at a time when Tennessee may have provided a liberty interest in parole. Thus, the question of whether Seagroves has stated a due process claim may also depend upon the outcome of an ex post facto analysis and should be analyzed by the district court in the first instance.

Accordingly, the district court's order is vacated and the case is remanded for consideration on the merits. Rule 34(j)(2)(C), Rules of the Sixth Circuit.