Jeffrey **BUTLER,** Plaintiff–Appellant,

v.

**CITY OF JACKSON; STATE OF TENNESSEE, Defendants–Appellees.**

**No. 02–5576.**

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and FORESTER, Chief District Judge.*

## ORDER

Jeffrey Butler, a Tennessee resident proceeding pro se, appeals a district court order dismissing his civil complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This action arises out of a civil enforcement action brought against Butler for violations of health and sanitation codes enacted by the City of Jackson, Tennessee (the "City"). The basic facts are set forth in the relevant state-court opinions. *See City of Jackson v. Butler*, 10 S.W.3d 250 (Tenn.Ct.App.1999) (*Butler I* ), *appeal dismissed* (Tenn. Jan. 3, 2000); *Butler v. City of Jackson*, 63 S.W.3d 372 (Tenn.Ct.App. 2001) (*Butler II* ). Suffice it to say that the City's Health and Sanitation Department initiated an investigation in July of 1997 after receiving complaints about property owned by Butler. Ultimately, Butler was assessed a fine of $250.00 for three code violations.

Butler filed this civil action in the Circuit Court of Madison County, Tennessee, against the City, and the State of Tennessee. Butler alleges that, on August 18, 1997, Brent Lewis, who was then an environmental program director, inspected the property in question "and erroneously and negligently associated this property to [Butler] and his family." As a result, Butler contends that he was prosecuted on August 11, 2000, and fined $250.00 for violation of City Code § 13–303. Butler alleges that this prosecution violated his constitutional rights against double jeopardy.

Butler further alleges that, on August 11, 2000, he was wrongly prosecuted for violation of a City ordinance relating to cars on residential property. He apparently contends that the ordinance he was accused of violating was an ex post facto law and, therefore, the prosecution violated his right to due process of law. Butler also alleges that various City officials gave false testimony concerning his residence at the trial that was held on May 8, 1998.

The action was removed to the United States District Court for the Western District of Tennessee on August 23, 2001. On August 28, 2001, the City filed both an answer and a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the motion to dismiss after concluding that Butler's complaint with respect to the City was barred by collateral estoppel, and that Butler's ex post facto claim lacked merit. The court also held that Butler's claims against the State of Tennessee was barred by the Eleventh Amendment. Reconsideration was denied. This appeal followed.

A district court may not dismiss a complaint for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). An order dismissing a complaint under Fed.R.Civ.P. § 12(b)(6) is subject to de novo review in this court. *Hiser v. City of Bowling Green,* 42 F.3d 382, 383 (6th Cir. 1994). We review de novo a district court determination regarding the applicability of res judicata. *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995).

■ Upon review, we conclude that the dismissal of Butler's case was proper for the reasons stated by the district court. Butler's claims against the City are barred by the doctrine of collateral estoppel. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210; *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Butler's ex post facto claim lacks merit because this court has unambiguously determined that ex post facto principles have no application in civil contexts, but instead apply only to punitive legislation. *Campos v. INS,* 16 F.3d 118, 122 (6th Cir.1994)(citing *Galvan v. Press,* 347 U.S. 522, 531–32, 74 S.Ct. 737, 98 L.Ed. 911 (1954)). The actions taken against Butler were entirely civil in nature, *see Butler I,* 10 S.W.3d at 252–53; therefore, the Ex Post Facto Clause is not implicated. Butler is simply incorrect that § 13–202 did not exist prior to 1999. He also made no attempt to demonstrate that the vehicles on his property in 1997 were in operable condition, and thus not subject to the statute as it existed at that time. To the contrary, the opinion of the Tennessee Court of Appeals in *Butler I* makes clear that the statute Butler was found to be in violation of applied only to inoperable vehicles, and that Butler's vehicles were, indeed, inoperable. *See Butler I,* 10 S.W.3d at 256. Finally, the district court properly found that the Eleventh Amendment bars the claim against the State of Tennessee.

*See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.